UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILBERT THOMAS, JR. AND TREVITA JACKSON<br>*Plaintiff* | * | CIVIL ACTION NO.: |
| | * | JUDGE: |
| VERSUS | * | MAG. JUDGE: |
| JOHN DOE, NORTH AMERICAN TRANSPORTATION, AND STARR INDEMNITY AND LIABILITY COMPANY<br>*Defendants* | *<br>* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   Clerk of Court
   United States District Court
   Eastern District of Louisiana
   500 Poydras Street, Room C-151
   New Orleans, Louisiana 70130

Defendants, North American Transport Services, LLC and Starr Indemnity and Liability Company (collectively "Defendants") respectfully submit this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and as cause therefore shows as follows:

### I. BACKGROUND

1.

This action was originally commenced by Plaintiffs, Wilbert Thomas, Jr. and Trevita Jackson (hereinafter referred to as "Plaintiffs") on March 25, 2019 through the filing of a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled

*Wilbert Thomas, Jr. and Trevita Jackson versus John Doe, North American Transportation, and Starr Indemnity and Liability Company* bearing case number 2019-3210 Division A-16.[1]

2.

In their Petition for Damages, Plaintiffs named John Doe, North American Transport Services, LLC (improperly named "North American Transportation Services, LLC"), and Starr Indemnity and Liability Company ("Starr Indemnity") as Defendants.[2]

3.

Plaintiff's Petition for Damages was filed on March 25, 2019, and citations were issued by the Clerk of Court of Civil District Court of Orleans Parish on March 29, 2019. Defendant North American Transport Services, LLC (hereinafter "NATS") first received a copy of the Petition for Damages on April 14, 2019, which is the first time any defendant received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based. Starr Indemnity was subsequently served on April 18, 2019.

4.

This removal is effected and has been timely filed within thirty (30) days of any removing Defendant receiving, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after commencement of the action, as allowed by 28 U.S.C. § 1446(b).

---

[1] *See generally* Exhibit A, Copies of All Process, Pleadings, and Orders contained in the record of the Clerk of the Court, Civil District Court, Orleans Parish.

[2] See Exhibit A, at Plaintiff's Petition for Damages paragraphs 1.

5.

John Doe has not been served. NATS and Starr Indemnity have been served and have joined in the removal of this action, therefore satisfying the requirements of 28 U.S.C. § 1446(b)(2)(A).

6.

The United States District Court for the Eastern District of Louisiana is the Court embracing the place where this action is pending in state court.[3]

7.

This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. § 1332; 28 U.S.C. §1441; and 28 U.S.C. §1446.

8.

Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit "A," are all process, pleadings, and Orders contained in the record of the Clerk of the Court, Civil District Court, Orleans Parish.

## I. DIVERSITY OF CITIZENSHIP JURISDICTION

9.

This action is properly removed to this Court pursuant to 28 U.S.C. §1332 and §1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[3] *See* 28 U.S.C. § 98(a).

10.

Upon information and belief, at the time of the filing of the Petition for Damages and at all times thereafter, Plaintiffs were and are individuals domiciled in and citizens of the State of Louisiana.[4]

11.

At the time of the filing of the Petition for Damages and at all times thereafter, NATS was and is domiciled in the State of Florida, as alleged by Plaintiffs in their Petition for Damages.

12.

At the time of the filing of the Petition for Damages and at all times thereafter, Starr Indemnity is a "foreign insurance company" whose incorporation and principal place of business is in Texas.[5]

13.

Plaintiff identifies defendant "John Doe" as a person of "unknown residence and domicile" and whom has not been served. As this person has not been served, their consent is unnecessary under 28 U.S.C. § 1446(b)(2)(A). Further, citizenship of fictitious persons is immaterial and does not disturb diversity of citizenship between the named defendants.

14.

Based on the foregoing, there is complete diversity of citizenship of the parties, inasmuch as Plaintiff is a citizen of the State of Louisiana and all Defendants are citizens of states other than Louisiana.

---

[4] *See* Exhibit A, at Plaintiff's Petition for Damages indicating in the introductory paragraph that each Plaintiff is a "resident of Orleans Parish".

[5] *See* Exhibit A, at Plaintiff's Petition for Damages

## II. AMOUNT IN CONTROVERSY

15.

Plaintiff Thomas' Petition for Damages alleges that, as a result of the negligence of Defendants, Plaintiff Thomas has suffered injuries, including "whiplash, headaches, fatigue, left arm contusion, left shoulder contusion, seat bruise or chest pain from seat belt, neck pain, upper back pain, cervical strain, thoracic strain, pain/tingling/numbness radiating into the left upper extremity, headaches at the base of skull, mid back pain, left shoulder pain, left wrist pain".[6] Additionally, he claims his injuries have caused him physical pain and suffering, physical limitations and disability, mental anguish and emotional distress, and he seeks damages including medical expenses, general damages, lost wages and property damages.

16.

Plaintiff Jackson's Petition for Damages alleges that, as a result of the negligence of Defendants, Plaintiff Jackson has suffered injuries, including "whiplash, headaches, fatigue, right arm contusion, right shoulder contusion, neck pain, upper back pain, cervical pain and strain, pain/tingling/numbness radiating into the right upper extremity, mid back pain, righ [sic] shoulder pain, right arm pain".[7] Additionally, she claims her injuries have caused her physical pain and suffering, physical limitations and disability, mental anguish and emotional distress, and seeks damages including medical expenses, general damages, lost wages and property damages.

17.

---

[6]  *See* Exhibit A at Plaintiff's Petition for Damages at paragraphs 18-19.

[7]  *See* Exhibit A at Plaintiff's Petition for Damages at paragraphs 20-21.

In a delictual action such as this, the Louisiana Rules of Civil Procedure prohibit a plaintiff from including any "specific monetary amount of damages" in an original Petition "<u>except</u> that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."[8] Here, Plaintiffs failed to provide any such general allegation to establish the lack of this Court's jurisdiction in their Petition for Damages. Under such circumstances, there is a presumption in favor of finding that the amount in controversy exceeds the amount necessary for federal jurisdiction.[9] Moreover, it is facially apparent that Plaintiffs' claims seeking recovery in tort for the damages described in the preceding paragraphs are well in excess of $75,000.00.

18.

In an abundance of caution, undersigned counsel spoke with plaintiffs' counsel and requested that Plaintiffs stipulate to their damages being less than $75,000.[10] Plaintiffs declined to stipulate to their damages being less than $75,000, which Defendants offer as further evidence that Plaintiffs believe their damages exceed the jurisdictional limit.

19.

Thus, it is apparent from the face of the Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

---

[8] La. Code Civ. Proc. art 893(A)(1).

[9] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[10] See attached, Exhibit B, email correspondence dated May 2, 2019, between defense counsel and plaintiffs' counsel, confirming Plaintiffs would not stipulate that the damages in this lawsuit were less than the amount in controversy of $75,000 if Plaintiffs' counsel did not provide a response by May 6, 2019. Undersigned counsel did not receive subsequent correspondence on May 6, 2019.

### **III. JURY DEMAND**

20.

Defendants hereby pray for a trial by jury on all issues raised in Plaintiffs' Petition for Damages.

### **IV. CONCLUSION**

21.

This civil action is one in which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

22.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs' counsel are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for Orleans Parish Civil District Court.

23.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of her knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

24.

By filing this Notice of Removal, Defendants do not waive and hereby reserve all defenses and objections to Plaintiffs' Petition for Damages.

WHEREFORE, Defendants, North American Transport Services, LLC and Starr Indemnity and Liability Company respectfully request that this Court assume full jurisdiction over this matter as provided by law because all properly joined parties are completely diverse and the requisite jurisdictional amount in controversy has been met.

Respectfully Submitted,

*/s/Emily E. Eagan*
ERNEST P. GIEGER, JR. (No. 6154)
Email: egieger@glllaw.com
EMILY E. EAGAN (#29166)
Email: eeagan@glllaw.com
MORGAN A. DRUHAN (#37102)
Email: mdruhan@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Attorneys for North American Transport Services, LLC and Starr Indemnity and Liability Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon:

Bruce Betzer
The Law Office of Bruce C. Betzer
3129 Bore Street
Metairie, Louisiana 70001

by facsimile and electronic mail this 13th day of May, 2019.

*/s/ Emily E. Eagan*
EMILY E. EAGAN