

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 19-3210 DIVISION SECTION 16

WILBERT THOMAS, JR., AND TREVITA JACKSON

VERSUS

JOHN DOE, NORTH AMERICAN TRANSPORTATION,
AND STARR INDEMNITY AND LIABILITY COMPANY

FILED:_____          _____
                                        DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come who respectfully submits the following:



1.

Made Plaintiffs in the petition are:

a) **Wilbert Thomas, Jr.** ("Thomas"), an individual over the age of majority and a resident of Orleans Parish, State of Louisiana;

b) **Trevita Jackson** ("Jackson"), an individual over the age of majority and a resident of Orleans Parish, State of Louisiana.

2.

Made Defendants herein are:

a) **John Doe** ("Doe"), an anonymous and fictitiously identified truck driver of unknown residence and domicile, who upon information and belief operated a "18-Wheeler" or "tractor-trailer" truck in the city of New Orleans at all pertinent times;

b) **North American Transportation Services, LLC** ("NATS"); a foreign limited liability company registered in the State of Florida, with its principle place of business at 160 Ali Baba Avenue, Opa Locka, County of Miami-Dade, State of Florida; NATS's registered agent for service of process with the Office of the Secretary of State for the State of Florida is as follows: Interamerican Corporate Services, LLC, 2525 Ponce, De Leon Blvd., Suite 1225, Coral Gables, FL 33134 U.

VERIFIED
3-29-19

EXHIBIT
A

c) **Starr Indemnity and Liability Company.**, a foreign insurance company doing business in the state of Louisiana, who at all times pertinent hereto did have in effect a policy of insurance covering the vehicle driven by John Doe.

3.

The situs of the accident, occurring near to the intersection of Carrollton Avenue and Tulane Avenue in the City of New Orleans, is entirely within the Parish of Orleans, State of Louisiana; thus, the accident occurred within the Parish of Orleans and venue is proper there. Thomas and Jackson are both domiciled in the Parish of Orleans. This Court maintain jurisdiction over the subject matter of this suit, and the Parish of Orleans, Civil District Court, is the proper court of subject matter jurisdiction based on the situs where the accident occurred.

4.

On March 25, 2018, Mr. Thomas was operating a silver 2014 Mercedes Benz CL-250 in the left lane of Carrollton and Tulane Avenue and was stopped at a red light, awaiting a green signal to proceed. At all pertinent times Thomas was traveling in a safe and prudent manner.

5.

Upon information and belief John Doe was operating a white Peterbilt18-wheeler in the center or right lane of Carrollton Avenue when, suddenly and without warning when the light turned green, Doe attempted to make a left turn from the right lane, operating the tractor and trailer across the nearer lanes of traffic and directly in front of the Thomas vehicle. The back four tires of the 18-wheeler operated by Doe struck the front portion of the Thomas vehicle, doing damage to the front and right portions of the vehicle. Then, without even stopping to see if the subjects in the vehicle he struck were injured or not, Doe accelerated and fled down Tulane Avenue which becomes Airline Highway (La. Hwy. 61).

6.

Plaintiff Thomas pursued the truck in an attempt to signal Doe or too obtain as much information as possible from the semi-truck. Plaintiffs Thomas and Jackson called 911. As they pursued, they were able to discern some details from the truck. The driver appeared to ignore Thomas's and Jackson's attempt to alert him. The 911 operator advised to cease pursuing the truck

that an officer would be dispatched to the scene. At this time, directly after making contact with Plaintiff's vehicle, Doe failed to stop and actually fled from the scene.

7.

Accordingly, 911 dispatched the call and Officer Bearden of the New Orleans Police Department, First District, who arrived at the scene shortly thereafter. Plaintiffs provided the officer with the details they had obtained from the hit-and-run vehicle driven by Doe and owned and operated by NATS, including a truck number and U.S.-D.O.T. (United States Department of Transportation) number. Clearly displayed on the white, Peterbilt 18-wheeler operated by Doe was the Department of Transportation Identification Number "1284430." Officer Bearden used this information to contact a safety representative of NATS who verified that a NATS vehicle matching the description was operating in the area.

8.

Upon information and belief the NATS safety representative ("NATS Safety Rep.") supplied the number of a third-party claims administrator, Gallagher-Basset. Officer Bearden contacted Gallagher-Basset and spoke with Pamela Davis, Senior Resolution Manager. Upon information and belief either the NATS Safety Rep. or Pamela Davis of Gallagher Basset supplied Bearden with the name of the insurer for the vehicle operated by Doe, "Starr Insurance," and a policy number reading "1000072682171." Bearden was also provided a claim number of "127145210." Bearden shared this information he received with the plaintiffs.

9.

On about April 16, 2018, Gallagher-Basset contacted Thomas by letter to advise him of DATS's position. On or about April 20, 2018, undersigned sent a letter of representation to Gallagher-Basset ("GB") and subsequently advised them to cease all direct contact with his clients, but to feel free to make any requests through his office.

10.

On or about October 9, 2018, a representative of Gallagher-Basset contacted undersigned counsel and stated, "[y]our client also stated our truck #185478 was involved in this accident...[and because] our insured vehicle #185478 was not in or around this area [...]," *inter alia* reasons

including the absence of a police report, "we must deny your client's [sic.] claim." However, what Gallagher-Basset's Stephen Thomas ("S.Thomas, GB"), their "Resolution Manager," fails to address in the letter is that he directly contradicts NATS earlier admission that a vehicle was in the area.

11.

On January 18, 2019, Plaintiffs' counsel attempted one more communication explaining that, although he was unsure where the number #185478 originated, he could supply the DOT number displayed on the vehicle, proof of which his client supplied. Also, Plaintiffs' counsel advised that Officer Bearden had confirmed the involvement of the vehicle at the scene. Plaintiffs' counsel reminded NATS of its duty to comply with good faith settlement practices pursuant to LSA-R.S. §22:1892 and §1973.

12.

The subject vehicular collision, and all resulting damages, was caused by the sole and exclusive fault and negligence of Defendant, John Doe, in the following non-exclusive particulars:

(a) Striking the front and right sides of the vehicle which Plaintiff Thomas was operating and in which Plaintiff Jackson was a passenger;

(b) Operating a vehicle without due regard for traffic conditions at the time;

(c) Failing to keep a proper lookout and to see what he should have seen and to do what he should have done to avoid the subject collision;

(d) Failing to obey traffic signals;

(e) Failing to properly react to traffic conditions;

(f) Failing to follow traffic laws by executing an illegal left-hand turn across multiple lanes of traffic;

(g) Attempting to hit and run, fleeing the scene in his vehicle at a high rate of speed;

(h) Failing to report an accident; and,

(i) Any and all other acts of negligence which may be shown at the trial of this matter and following the completion of discovery;

13.

Doe's negligent operation of the vehicle was the proximate cause-in-fact of the accident, in failing to obey traffic laws, failing to keep a proper lookout, and failing to operate his vehicle in a safe and prudent manner as described, *supra*, of any and all injury and harm caused to both Wilbert Thomas, Jr., and Trevita Jackson, respectively. Each Plaintiff's damages are plead particularly below.

14.

Additionally, the subject vehicular collision, and the resulting harm and damage, was caused by the fault and negligence of Defendant, NATS, in the following non-exclusive particulars:

(a) Failing to maintain the subject vehicle in a reasonable operating condition;

(b) Failing to check and/or inspect the vehicle's brakes prior to using the vehicle;

(c) Failing to implement safety protocols in order to avoid mechanical fails;

(d) Failure to train its drivers;

(e) Failure to properly screen drivers;

(f) Failing to implement a legal and safe driving policy for drivers and failure to prevent their vehicle from being operated in a manner that violates such a policy;

(g) Failing to supervise the handling of accident claims by insurers and third-parties, or handling such claims in a manner that constitutes bad faith;

(h) Any and all other acts of negligence or intent which may be shown at the trial of this matter and following the completion of discovery.

15.

North American Transportation Services, LLC, is liable unto Petitioners pursuant to the doctrine of *Respondeat Superior* because, upon information and belief, Defendant truck driver, John Doe, was employed by NATS driving commercial vehicles and operating the subject white 18-wheeler in the State of Louisiana while acting in the course and scope of his employment with NATS.

16.

NATS has minimum contacts with the state of Louisiana, operating its fleet of trucks in and about the State of Louisiana for business purposes, including delivering goods, and for other purposes.

17.

As the result of the injuries caused by Doe and NATS, Plaintiff Thomas has required and continues to require medical care and treatment and has incurred expenses for same.[1] Likewise, as a result of the injuries caused by Doe and NATS, Plaintiff Jackson has required and continues to require medical care and treatment and has incurred expenses for same.

18.

As a result of the injuries described above, Plaintiff Thomas has experienced physical pain and suffering, physical limitations and disability, mental anguish and emotional distress. Plaintiff, Thomas, itemizes his damages as follows:

- (a) Medical expenses (Past, present and future);
- (b) Physical pain and suffering (Past, present and future);
- (c) Loss of the enjoyment of life (Past, present and future);
- (d) Emotional distress (Past, present and future);
- (e) Mental anguish (Past, present and future);
- (f) Disabilities;
- (g) Loss wages; and,
- (h) Property damage.

19.

As a result of the foregoing collision, Plaintiff Thomas sustained injuries related to the subject accident. Thomas has been treated by physicians for symptoms of whiplash, headaches, fatigue, left arm contusion, left shoulder contusion, seat bruise or chest pain from seat belt, neck pain, upper back pain, cervical strain, thoracic strain, pain/ tingling/ numbness radiating into the left upper extremity, headaches at the base of skull, mid back pain, left shoulder pain, left wrist pain all

---

[1] *See* ¶ 16, 17, Thomas. *See* ¶ 18, 19, Jackson.

related to the accident. Thomas was diagnosed by Dr. Ledet, who is also treating these symptoms that resulted from the accident.

20.

As a result of the injuries described above, Plaintiff Jackson has experienced physical pain and suffering, physical limitations and disability, mental anguish and emotional distress. Plaintiff, Jackson, itemizes her damages as follows:

(a) Medical expenses (Past, present and future);

(b) Physical pain and suffering (Past, present and future);

(c) Loss of the enjoyment of life (Past, present and future);

(d) Emotional distress (Past, present and future);

(e) Mental anguish (Past, present and future);

(f) Disabilities;

(g) Loss wages; and,

(h) Property damage.

21.

As a result of the foregoing collision, Plaintiff Jackson sustained injuries related to the subject accident. Thomas has been treated by physicians for symptoms whiplash, headaches, fatigue, right arm contusion, right shoulder contusion, neck pain, upper back pain, cervical pain and strain, pain/ tingling/ numbness radiating into the right upper extremity, mid back pain, righ shoulder pain, right arm pain all related to the accident. Thomas was diagnosed by Dr. Ledet, who is also treating these symptoms that resulted from the accident.

22.

Upon information Defendant Starr Indemnity and Liability Company ("Starr"), a subsidiary thereof, or another insurance company to be identified in discovery, at all pertinent times, had in full force and effect a policy of insurance naming John Doe and NATS as its insured. Defendant Starr provided coverage with respect to any vehicle operated in the course of scope of the business of NATS that is not primarily covered by another private vehicle owner/operator's policy. Starr is responsible for providing coverage and tendering payments for the events, vehicles, defendants,

losses, damages, and harm sued upon herein. Starr is directly liable unto Petitioner pursuant to Louisiana law.

23.

Pursuant to the provisions of the Louisiana Code of Civil Procedure, Article 1423, *et seq.*, Petitioner is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring John Doe and NATS for the claims made by Petitioners herein. Petitioners herein request certified copies of any and all such policies of insurance within thirty (30) days of service of the petition upon them.

**WHEREFORE**, Petitioners pray that a certified copy of this lawsuit be served upon Defendants, who be cited to appear and answer same, and that after legal delays and due proceedings are had, there be judgment herein in favor of Plaintiffs, and against Defendants, John Doe, NATS, and Starr, severally and *in solido*, for

a) all legally authorized and allowable damages for each Plaintiff, Thomas and Jackson;

b) plus all costs of these proceedings including expert witness fees, with legal interest on all amounts due from the date of judicial demand until paid;

c) petitioners further prays for all general and equitable relief.

Respectfully submitted,

_____
Bruce C. Betzer, Bar No.: 26800
Jennifer S. Avallone, Bar No.: 35613
*The Law Office of Bruce C. Betzer*
**A Professional Limited Liability Company**
3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
*Attorney for Plaintiffs, Wilbert Thomas, Jr. And Trevita Jackson*

**PLEASE SERVE VIA LONG ARM:**
North American Transportation Services
Through its registered agent,
Interamerican Corporate Services, LLC,
2525 Ponce De Leon Blvd., Suite 1225
Coral Gables, FL 33134

**PLEASE SERVE:**
Starr Indemnity & Liability, Co.
Through its Registered Agent,
LOUISIANA SECRETARY OF STATE
8585 Archives Ave.
Baton Rouge, LA 70809

# THE LAW OFFICE OF
# BRUCE C. BETZER

A Professional Limited Liability Company
3129 Bore Street
Metairie, Louisiana 70001

Jennifer S. Avallone
jennifer@brucebetzer.com

www.brucebetzer.com

Telephone: (504) 832-9942
Facsimile: (504) 304-9964

March 25, 2019

**Via Facsimile (504-592-9128) and U.S. Mail**

Civil District Court
Clerk of Court for Orleans Parish
421 Loyola Ave.
New Orleans, LA 70112

    Re:    Wilbert Thomas, Jr. and Trevita Jackson v. John Doe
           North American Transportation and Starr Indemnity and
           Starr Indemnity and Liability Company
           **NEW CIVIL SUIT/FAX FILING**

Dear Sir/Madam:

    Please find enclosed a Petition for Damages in reference to the above captioned matter, which I hereby request that you file into the court's record this date and return a confirmation of filing back to this office via fax with all costs and fees due at this time.

    The original and all appropriate copies of the Petition for Damages as well as my firm's checks for all costs due will be forwarded via first class mail. Upon your receipt, please stamp as being filed this date, issue service on the parties stated and return a conformed copy and a Citation in order to serve Defendant, Starr Indemnity and Liability Company, through long arm service. I have enclosed a self-addressed, stamped envelope with the original package.

    Thank you for your assistance. If you have any questions, please do not hesitate to contact my office.

                                      Cordially,

                                      Bruce C. Betzer

BCB/sbl
Enclosures